Gary JORDAN; Douglas Smalley; Joe Wilson, Jr.; Robert C. Curvey; Robert L. Wielebski; Wallace Washington; Richard Kienitz; Herman Jackson; Donald Cobbs; Frank Jackson; and all others similarly situated, Plaintiffs-Appellants-Cross Appellees,

v.

MULTNOMAH COUNTY; Donald E. Clark; Linden A. S. Wilson, Jr.; and Robert S. Hatrak, each in their official capacities, Defendants-Appellees-Cross Appellants.

Nos. 81–3659, 81–3667.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1982.

Decided Dec. 16, 1982.

Jerome E. LaBarre, Glasgow, LaBarre & Kelly, Portland, Or., for Smalley.

John B. Leahy, County Counsel, Portland, Or., for Multnomah County.

Before GOODWIN, PREGERSON and CANBY, Circuit Judges.

PER CURIAM:

These consolidated appeals are from a civil rights attorneys' fees award. Plaintiffs below appeal what they consider an inadequate award of fees; defendants below complain that the award was excessive. Two cases decided after the district court's ruling—*Manhart v. City of Los Angeles, Department of Water and Power,* 652 F.2d 904 (9th Cir.1981), and *Rivera v. City of Riverside,* 679 F.2d 795 (9th Cir.1982)—indicate that the court applied the wrong legal standard when it refused to award fees for hours devoted to one unsuccessful claim in an otherwise successful civil rights action. That portion of the court's ruling is therefore reversed and remanded for calculation of reasonable attorneys' fees. All other portions of the district court's judgment are affirmed.

BACKGROUND

Plaintiffs-Appellants are the class of "all present and future pre-trial detainees, and all present and future sentenced offenders within the Multnomah [Oregon] County justice system." They sued the county and county officials for injunctive relief under 42 U.S.C. § 1983. Specifically, they sought increased exercise and recreational privileges, imposition of population space limits, changes in jail classifications, and changes in the treatment of mentally disturbed prisoners. Two institutions were involved—the existing Rocky Butte Jail (RBJ) and its eventual replacement, the Downtown Detention Center (DDC), then in the planning stage.

Before trial, the parties settled a majority of the issues. The settlement was overwhelmingly favorable to the class, especially with respect to the existing RBJ. Unit and institutional population limits were imposed. Recreational opportunities at the RBJ were expanded and ordered expanded even further upon the opening of the DDC. Prisoners with mental problems who required separation from the general population were removed from the disciplinary detention area. Educational opportunities for inmates were expanded. The court retained jurisdiction to enforce the rights of the prisoner class.

The settlement left only one major issue for trial: whether the planned indoor recreational area for the new DDC prison complex would unconstitutionally deprive the prisoners of the right to exercise outdoors. The class lost on this issue when the court determined that the proposed recreational area, which is exposed to the outdoors by way of several large vertical screens, met constitutional requirements.

Following the trial, plaintiffs' attorneys sought attorneys' fees for all of the work done on the case. In an extensive opinion the district court granted fees for the hours attributable to the RBJ claims—the claims that ended in a favorable settlement for the class. However, the court denied attorneys' fees for the hours allocable to the DDC claims because of the unfavorable result to the class at trial.

ANALYSIS

Both sides agree that a prevailing plaintiff in a civil rights action may be awarded reasonable attorneys' fees. 42 U.S.C. § 1988. The dispute centers on whether plaintiffs may be considered "prevailing" for purposes of attorneys' fees with respect to those portions of its lawsuit that were unsuccessful.

The district court recognized that a prevailing party is one who succeeds on any significant issue that achieves some of the benefits the parties sought in bringing suit. *Sethy v. Alameda County Water District,* 602 F.2d 894 (9th Cir.1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980). The court also noted that the amount of the fee award should include compensation for time spent on unsuccessful issues as long as the plaintiff prevailed generally. It concluded, however, that although significant results were achieved against RBJ, plaintiffs' claim against the DDC had been largely unsuccessful. The court thus refused to award any fees for time allocable to the DDC.

Two recent cases from this court, *Manhart v. City of Los Angeles, Department of Water and Power,* 652 F.2d 904 (9th Cir. 1981), and *Rivera v. City of Riverside,* 679 F.2d 795 (9th Cir.1982), indicate that the district court took an overly narrow view of "prevailing" when it disallowed fees on the DDC issues.

In *Manhart,* we upheld an award of attorneys' fees that included compensation for claims dismissed by the district court. Those dismissed claims were obviously less successful than the DDC claims in the instant case, which had enough merit to go to trial. In upholding the award of fees, we noted that "plaintiffs pursued several claims to remedy the same injury, gender discrimination. Under those circumstances, plaintiffs are entitled to an award for all time spent in pursuit of their ultimate goal." 652 F.2d at 909.

In *Rivera,* plaintiffs originally sued thirty-two defendants for civil rights and pendent state tort violations. Summary judgment was granted in favor of eighteen of the defendants. Following trial, only five of the remaining fourteen defendants were found to have violated the plaintiffs' civil rights. Nonetheless, we approved the district court's award of attorneys' fees incurred litigating the claims against all thirty-two defendants. We said:

> Like *Manhart,* the present case involves related claims brought to remedy the same injury—here, the violation of civil rights. The district court, therefore, properly awarded attorney's fees for hours expended on unsuccessful but related claims. [Citations omitted.] This result is in line with Congress' unequivocal viewpoint that civil rights attorneys should be compensated "as is traditional with attorneys compensated by a fee-paying client for all time reasonably expended on a matter." [Citations omitted.] Traditional methods of attorney compensation based on fee-paying clients do not differentiate between successful and unsuccessful claims.

679 F.2d at 797.

In the instant case, plaintiffs sought to remedy conditions at an existing prison and to ensure that the state plan to replace the existing facility would also meet constitutional standards. By way of a favorable settlement, they won significant gains with respect to the existing facility. Our review of the record indicates that the settlement also caused substantial benefits to flow to the new facility—program changes won for the RBJ will also be instituted at the DDC. Moreover, the class will remain certified, and the district court has retained jurisdiction to enforce the prisoners' rights.

Based on the foregoing, we conclude that the district court was incorrect as a matter of law when it ruled that plaintiffs' attorneys should not receive fees for time spent on the DDC trial and other DDC-related issues.

The matter is therefore affirmed in part, reversed in part, and remanded for further proceedings consistent with *Manhart* and *Rivera.*