697 F.2d 870
 30 Fair Empl.Prac.Cas. 1678,
30 Empl. Prac. Dec. P 33,308
Donna PATE, Kathleen Lewis, Beverly Lowe, individually and
on behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
ALAMEDA-CONTRA COSTA TRANSIT DISTRICT; Alan L. Bingham, as
General Manager and Robert J. Shamoon, Personnel
Manager of the Alameda-Contra Costa
Transit District, Defendants-Appellants.
 No. 81-4400.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 10, 1982.
Decided Jan. 25, 1983.
 
 Jay J. Price, Orrick, Herrington & Sutcliffe, San Francisco, Cal., Daniel J. Ready, Jr., Meier, Kassis & Ready, Oakland, Cal., for defendants-appellants.
 Alice M. Beasley, John H. Erickson, Erickson, Beasley & Hewitt, San Francisco, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before KENNEDY, ALARCON, and NELSON, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 Appellant Alameda Contra Costa Transit District (hereinafter A-C Transit) appeals from the order of the district court awarding attorney's fees to appellees' counsel in a Title VII action pursuant to 42 U.S.C. 2000e-5(k).
 
 
 2
 A-C Transit does not dispute the fact that appellees were entitled to attorney's fees as prevailing parties. A-C Transit contends that the district court abused its discretion in calculating the amount of fees awarded.
 
 
 3
 CIVIL RIGHTS CLAIMS PRESENTED TO THE DISTRICT COURT
 
 
 4
 Appellees, each of whom is a Black woman, brought a class action in the district court on behalf of "all minorities who have been employed, are employed, or may in the future be employed by defendant AC TRANSIT in any position other than that of bus driver, and who have been, are presently being, or may in the future be adversely affected by the discriminatory employment practices alleged herein." The complaint also alleged that A-C Transit "has pursued and continues to pursue a policy and practice of discriminating against minorities on the basis of race and/or sex with respect to job and promotional opportunities."
 
 
 5
 The complaint stated that A-C Transit's discriminatory policy was implemented by the following practices:
 
 
 6
 (a) failing and refusing to recruit, hire, train and promote minorities as employees on an equal and impartial basis with non-minority employees;
 
 
 7
 (b) using job classifications which tend to discriminate against minorities;
 
 
 8
 (c) establishing and applying arbitrary and unreasonable requirements for employment which have not been shown to have any significant relationship to job performance and which have the effect of excluding qualified minorities;
 
 
 9
 (d) creating and maintaining a segregated and discriminatory work environment by hiring, training and promoting only white males for management positions; and
 
 
 10
 (e) failing and refusing to take reasonable and adequate steps to eliminate the effects of its past discriminatory acts and practices.
 
 
 11
 At trial, appellees presented evidence in support of the following claims:
 
 
 12
 1. There were significant disparities between Blacks hired and promoted and the number of eligible Blacks available for employment and promotion.
 
 
 13
 2. That certain of A-C Transit's employment practices denied equal opportunities for Blacks.
 
 
 14
 3. That A-C Transit's seniority system was not bona fide.
 
 
 15
 4. That A-C Transit had unlawfully discriminated in several specific instances.
 
 
 16
 The district court found that A-C Transit discriminated against Black employees:
 
 
 17
 1. In the hiring of clerical, maintenance, and non-union employees.
 
 
 18
 2. In training for and promotion to non-union positions.
 
 
 19
 The district court ruled against the appellees, however, as to promotions to union positions and the application of the seniority system. The court found that "promotion to union positions within the clerical and maintenance units at A-C Transit was governed by a seniority system which was bona fide in all respects ...."
 
 
 20
 Some time after these findings were filed the parties negotiated a settlement which resulted in the entry of a consent decree. On June 19, 1981, the trial court awarded appellees $417,040.00 in attorney's fees.DISCUSSION
 
 
 21
 Attorney's fees may be awarded to the prevailing party in a Title VII action at the discretion of the trial court. A-C Transit has conceded the fact that appellees prevailing parties entitled to reasonable attorney's fees under 42 U.S.C. Sec. 2000e-5(k). We are told, however, by A-C Transit that "plaintiffs are entitled to reasonable attorney's fees only for the time spent litigating claims on which they prevailed." The law of this Circuit is not so restrictive. In Manhart v. City of Los Angeles, 652 F.2d 904 (9th Cir.1981), this Court held:
 
 
 22
 The award cannot be deemed excessive because it included fees for time spent in preparing those claims dismissed by the district court. It is true that no compensation may be paid for the time spent to prepare unrelated claims on which plaintiffs did not prevail. Sethy v. Alameda County Water District, [9th Cir.] 602 F.2d , at 898. In this case, however, plaintiffs pursued several claims to remedy the same injury, gender discrimination. Under those circumstances, plaintiffs are entitled to an award for all time spent in pursuit of their ultimate goal. [citations] (Emphasis added).
 
 
 23
 Id. at 909 (emphasis added).
 
 
 24
 More recently, in Thornberry v. Delta Air Lines, Inc., 676 F.2d 1240 (9th Cir.1982), we held that in determining the amount of an attorney's fee award, it is irrelevant "that plaintiffs did not obtain every form of relief sought." Thus, in determining the reasonable amount of attorney's fees to be awarded, a district court acts within its discretion if it compensates a prevailing plaintiff for all work performed on any related issue which was advanced in pursuit of the ultimate goal of the action.
 
 
 25
 In determining whether unsuccessful claims are made in furtherance of plaintiffs' ultimate goal, the court must determine whether such claims are intended to remedy the same injury for which Plaintiffs ultimately obtained redress at trial. Manhart, 652 F.2d at 909.
 
 
 26
 In the instant matter A-C Transit specifically requested that the district court subtract from the amount of time for which compensation was sought all "[h]ours spent by plaintiffs on issues where they did not prevail particularly where the issues are clearly separable...." In announcing its intended decision on June 19, 1981, the district court refused to make any reduction "for the time expended on the union promotion issue, inasmuch as the Ninth Circuit has held that a court awarding attorney's fees should look only to the overall claim on which the party prevailed. That is Saunders v. Claytor, 629 F.2d 596 (9th Cir.), cert. denied, 450 U.S. 980, 101 S.Ct. 1515, 67 L.Ed.2d 815 (1982). No further statement was made by the court on this dispute. No mention was made of the issue raised by A-C Transit in the judgment on July 6, 1981. No findings of fact or conclusions of law were filed by the court in support of the order awarding attorney's fees.
 
 
 27
 From this record it is clear that the district court failed to make a determination as to whether the union promotion/seniority claim asserted at trial was related to appellees' ultimate goal of this lawsuit as required by Manhart, 652 F.2d at 909. The ultimate goal of the suit cannot be defined without inquiry into whether the injuries alleged and the injuries ultimately established are discrete or unitary. In the absence of such an analysis by the trial court meaningful review of this controversy is impossible.
 
 
 28
 The district judge who has presided over an action involving Title VII claims is in a far better position than this court to determine, in the first instance, whether an unsuccessful issue or claim is related to the plaintiffs' ultimate goal. When there is a factual or legal dispute as to whether a losing claim is related to the prevailing plaintiff's ultimate goal, the district court should conduct a hearing to resolve this conflict and issue findings of fact and conclusions of law for the guidance of the parties and this court. See National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319 (D.C.Cir.1982); see also Herrera v. Valentine, 653 F.2d 1220, 1233 (8th Cir.1981).
 
 
 29
 At this hearing the prevailing party bears the burden of showing that any unsuccessful claims for which it seeks an attorney's fee were related to the ultimate goal of the litigation. Thus, the prevailing party should present evidence concerning time spent on claims on which it prevailed, time spent on claims that were unsuccessful but allegedly related to the ultimate goal of the litigation, and the total time spent on all claims, successful and unsuccessful, related and unrelated. This information will assist the district court in making an award that is consistent with Manhart, 652 F.2d at 909, and the law of this Circuit. See, e.g., Jordan v. Multnomah County, 694 F.2d 1156 (9th Cir.1982); Rivera v. City of Riverside, 679 F.2d 795 (9th Cir.1982).
 
 
 30
 We need not reach the remaining contentions raised by A-C Transit because we have determined that we must reverse the award of attorney's fees in order that the trial court may make a meaningful record for our review as to the amount of hours spent on preparation of all related issues and claims. Appropriate findings of fact and conclusions of law by the trial court, as to any remaining disputes concerning duplication of services, and the manner in which the trial court determines the reasonable amount of the attorney's fees to be awarded may eliminate the necessity for further appellate review.
 
 
 31
 The judgment is REVERSED. The district court is directed to conduct a new hearing concerning the reasonable amount of attorney's fees consistent with the views expressed in this Opinion.