103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OCEAN VIEW ELEMENTARY SCHOOL DISTRICT, Plaintiff-Appellee,
v.
Jimmy (NMI) PETERS, By and Through his Guardian Ad Litem,
James PETERS; James (NMI) Peters, Defendants-Appellants.
 No. 95-55699.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Dec. 06, 1996.
 
 Before: GOODWIN, WIGGINS, NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jimmy Peters appeals the fee awarded to a prevailing party under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq. (IDEA). We vacate the award and remand.
 
 
 3
 Peters applied to the District Court for attorneys fees, as permitted under the IDEA. See 20 U.S.C. § 1415(e)(4)(B). Peters justified his attorney's usual and customary hourly rate of $250 per hour with evidence which showed that this rate was within the prevailing rates in the community for comparable services and that this rate was the rate normally charged by his counsel to fee-paying clients. The district judge, who was not the judge who had presided over the underlying action, awarded a lower rate, based on a six-year-old fee awarded in a somewhat similar case.
 
 
 4
 Under the IDEA, the court must award "a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting the fees." Chalmers v. City of Los Angeles, 767 F.2d 1205 (9th Cir.1986). When an attorney's customary rate is a market rate, the court must consider it as evidence of a reasonable hourly rate. See, e.g., Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 840 (9th Cir.1982).
 
 
 5
 In making its award, the district court must provide "a concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); See also Chalmers, 796 F.2d at 1211. In particular, if the district court reduces counsel's customary rate, it must explain its reasons. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir.1987).
 
 
 6
 The District Court did not adequately explain its fee award. Further, our review of the record shows that Peters fully substantiated his request for an hourly rate of $250 and that there was no evidence to show that this rate should be reduced. Accordingly, we vacate the award and remand to the District Court to recalculate the fee award based on the $250 per hour requested. The defendant is entitled to attorney's fees and costs on appeal.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3