Sean FITZGERALD, an individual, Plaintiff—Appellee,

v.

CELERGY NETWORKS INC., a California corporation, et al., Defendants—Appellants.

No. 02–55712.

D.C. No. CV–01–10279–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided May 6, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM**

Defendants–Appellants Art Cormier and Celergy Networks, Inc. appeal the district court's order granting Plaintiff–Appellee Sean Fitzgerald attorney fees pursuant to 28 U.S.C. § 1447(c) because of an improper removal by Defendants of Fitzgerald's state court claims to the federal district court. We affirm.

This Court is precluded by 28 U.S.C. § 1447(d) from directly reviewing a district court's decision to remand a case back to the state court. *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1105 (9th Cir.2000). Nevertheless, we still have jurisdiction to review the district court's award of attorney fees pursuant to 28 U.S.C. § 1447(c). *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir.2003). "We review an award of attorneys' fees for an abuse of discretion and will overturn the district court's decision only if it is based on clearly erroneous findings of fact or erroneous determinations of law." *Id.* "In order to determine whether a decision was erroneous, we must undertake a de novo examination of whether the remand order was legally correct." *Id.* (internal quotation marks and citation omitted).

Defendants removed the case to federal court, arguing that Fitzgerald's state law claims were preempted by ERISA § 502(a)(1)(B) and (3) and § 510 or, alternatively, § 514(a). Defendants maintain that Fitzgerald's claim falls under ERISA because Fitzgerald's firing terminated his participation in several ERISA-governed benefits plans and Fitzgerald's complaint alleges that his discharge had been motivated by a desire not to pay his compensation and benefits.

There are two levels of inquiry in determining whether removal is warranted. First, we look to the complaint itself. Generally, the plaintiff is "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Balcorta*, 208 F.3d at 1106. Second, we consider whether the plaintiff's state law claim is nevertheless completely preempted by the application of a federal law, despite the fact that no federal claims are presented in the complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475–76, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

A review of Fitzgerald's complaint reveals that it was well pleaded and does not invoke federal law; Fitzgerald's nine causes of action are all state law claims. Fitzgerald refers to "benefits" only a limited number of times in the complaint, and then only generally. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir.1988) ("[N]o ERISA cause of action lies ... when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, the termination of benefits." (internal quotation marks and citations omitted)). Rather, the complaint is replete with references to lost compensation, salary, commissions, and bonuses, which form the basis for the suit.

■ In some instances, a plaintiff's state court complaint may not invoke any federal question but still be completely preempted by the application of a federal law. "A state-created cause of action can be

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Hofler v. Aetna U.S. Healthcare of Cal., Inc.*, 296 F.3d 764, 768 (9th Cir.2002) (internal quotation marks and citation omitted). The test for complete preemption is whether Congress clearly manifested an intent to convert state law claims into federal question claims. *Id.* "The basic thrust of [ERISA's § 514] pre-emption clause, then, was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Where, as here, a plaintiff's state law claims are, at most, tangentially "related to" any "benefits" plan, the underlying cause of action should not be removed from the state court. *Id.* at 656; 29 U.S.C. § 1144(a).

■ Because the removal was improper, the award of attorney fees was appropriate. 28 U.S.C. § 1447(c); *Hofler*, 296 F.3d at 770. Defendants complain that in making its award, the district court erred when it did not "clearly and concisely explain the grounds for its decision," as required by *Jordan v. Multnomah County*, 815 F.2d 1258, 1261 (9th Cir.1987). *Jordan*, however, involved the civil rights fee statute, 42 U.S.C. § 1988, and therefore does not control this case. Under § 1447(c), the fee statute applicable here, the district court has "wide discretion to award attorneys' fees." *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir.1995) ("Congress has unambiguously left the award of fees to the discretion of the district court."). Since the district judge made no upward or downward ad-

justment from the figure given by Fitzgerald's counsel and considering the fact that Defendants do not challenge the hourly rate and number of hours—except for those hours spent preparing the Motion to Dismiss Defendant's Counterclaim—applied by Fitzgerald's attorney, the district judge's brief explanation does not constitute an abuse of discretion. *Dahl*, 316 F.3d at 1079. The attorney fees incurred preparing the Motion to Dismiss were properly included in the total award, as this motion was a direct outgrowth of the improper removal. 28 U.S.C. § 1447(c).

The district court's award of attorney fees is AFFIRMED. Fitzgerald is awarded reasonable attorney fees and costs associated with this appeal, which shall be sought by a timely made motion under Ninth Circuit Rule 39–1.1.