Kevin J. MIRCH, Plaintiff–Appellant,

v.

Judy FRANK; Kenneth Frank; Marilyn Bulloch; Advanced Physicians Products, Inc., Defendants–Appellees,

v.

McDonald Carano Wilson, LLP; Leigh Goddard, Third–party–defendants–Appellees.

No. 06–15529.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2008 *.

Filed Feb. 6, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Kevin J. Mirch, Esq., pro se.

R.App. P. 34(a)(2).

Marie Mirch, Mirch & Mirch, Reno, NV, for Plaintiff–Appellant.

Kent R. Robison, Esq., Robison Belaustegui Sharp & Low, Leigh Goddard, McDonald Carano Wilson, LLP, Reno, NV, for Defendants–Appellees.

Janice Hodge Jensen, Esq., Laxalt & Normura, Ltd., Reno, NV, for Third–party–defendants–Appellees.

Before: W. FLETCHER and BEA, Circuit Judges, and MILLER **, District Judge.

## MEMORANDUM ***

Kevin Mirch appeals the district court's imposition of sanctions in the form of attorneys' fees against him under 28 U.S.C. § 1927, which authorizes such sanctions for an attorney's unreasonable and vexatious multiplication of proceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm both the imposition of and amount of sanctions.

The protracted litigation history that eventually gave rise to the sanctions is summarized as follows: In 1995, Mirch, representing Dr. Kenneth Frank and Advanced Physicians Products, Inc. (collectively, the "Frank parties"), obtained a default judgment in a case in which Mirch claimed he was to receive 40 percent of the judgment and $25 per hour as attorneys' fees. Thereafter, Dr. Frank retained a collection agency to locate the assets of the defaulted party. As a result of the collection efforts, $1.8 million became the subject of an interpleader action in which Mirch intervened and filed a lien for attorneys' fees.

Subsequently, in 2001, Mirch filed a separate state court action against the Frank parties for breach of contract based on his claim for attorneys' fees. This action was then removed to district court, and McDonald Carano LLP became counsel for the Frank parties. The Frank parties counterclaimed against Mirch for, among other things, abandoning the Frank parties in their original action and failing to execute on the default judgment obtained in favor of the Frank parties. Mirch then filed a third-party complaint against McDonald Carano and two of the firm's attorneys (collectively, "McDonald Carano") for indemnification for any possible malpractice liability suffered by Mirch.

Effectively as a result of Mirch's third-party complaint, McDonald Carano moved to withdraw as counsel for the Frank parties. After the district court granted the motion to withdraw, McDonald Carano moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted the motion to dismiss, holding that Nevada law would not allow Mirch to recover on his indemnification claim. On the day of the dismissal order, Mirch voluntarily moved to dismiss the third-party complaint, claiming to have realized that the third-party complaint destroyed diversity jurisdiction. The court declared Mirch's voluntary motion moot.

McDonald Carano subsequently moved for sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent authority. Mirch opposed the motion. On August 24, 2004, the court

---

** The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

granted sanctions in the form of attorneys' fees and costs solely under § 1927. After further briefing, the court awarded McDonald Carano $16,271.12 in attorneys' fees and costs.[1] Mirch argues that the district court erred in imposing sanctions and that the sanctions award was excessive.

We review all aspects of a § 1927 sanctions award for abuse of discretion. *GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir.1994). An abuse of discretion occurs if the district court's decision rests on a legal error or a clearly erroneous evaluation of the evidence. *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir.2003).

### Sanctions Award

■ Under § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court can award § 1927 sanctions only upon a finding of bad faith, which is present when an attorney acts with knowing recklessness or argues a meritorious claim for the purpose of harassing the opposition. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir.2002); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir.2001). While § 1927 does not apply to an initial pleading, *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir.1996), a third-party complaint is not an initial pleading because it cannot arise absent an underlying case, *see* Fed. R.Civ.P. 14(a), (b).

Here, Mirch's third-party complaint multiplied the proceedings by precipitating the motion to dismiss and McDonald Carano's withdrawal as counsel for the Frank parties. Furthermore, the district court expressly found that Mirch acted in bad faith and supported this conclusion with detailed factual findings demonstrating Mirch's intent to harass his adversaries. We therefore find the district court did not abuse its discretion in imposing sanctions under § 1927.[2]

### Amount of Sanctions

■ Reasonableness is the benchmark for sanctions based on attorneys' fees. *See Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1184–85 (9th Cir.1986); 28 U.S.C. § 1927 (authorizing fees "reasonably incurred"). Reasonable attorneys' fees are determined by following a two-part "lodestar" approach. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). First, the court calculates the presumptively-reasonable lodestar figure by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933; *Jordan v. Multnomah County*, 815 F.2d 1258, 1262–63 (9th Cir.1987). Second, the court considers whether to adjust the lodestar figure based on factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975). *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir.1986).

---

1. The Frank parties also moved for and received $11,058.50 in sanctions against Mirch. Because Mirch and the Frank parties ultimately settled their dispute and entered into a stipulated dismissal, Mirch challenges only the sanctions awarded to McDonald Carano.

2. The district court had original jurisdiction over the underlying action based on diversity of citizenship. *See* 28 U.S.C. § 1332. Although the court lacked jurisdiction over Mirch's third-party complaint, *see* 28 U.S.C. § 1367(b), the court retained jurisdiction to sanction Mirch under § 1927.

The district court carefully followed the lodestar method by calculating the reasonable hourly rates charged by McDonald Carano's counsel, determining the reasonable time spent defending the third-party complaint, and finding that the *Kerr* factors merited no adjustment of the lodestar amount. The final fee award was reasonable and appropriately limited to time spent defending the third-party complaint, and, therefore, did not constitute an abuse of discretion.[3]

For the foregoing reasons, the district court's orders are

**AFFIRMED.**

3. Mirch also requests that we strike portions of McDonald Carano's brief and excerpts of record. Because we find the challenged portions immaterial to this disposition, Mirch's request is moot.