**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAGHAVAN SATHIANATHAN, | No. 05-15476 |
| Plaintiff - Appellant, | D.C. No. CV-04-02130-SBA |
| v. | |
| SMITH BARNEY, INC., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Raghavan Sathianathan appeals pro se from the district court's order

denying his motion to vacate an arbitration award entered against him and granting

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

05-15476

Smith Barney, Inc.'s motion to confirm the award, from the district court's order dismissing his second amended complaint without leave to amend, and from the district court's order denying his Rule 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of a motion to vacate an arbitration award, *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007), and for an abuse of discretion a district court's order denying amendment of a complaint, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) and its order under Fed. R. Civ. P. Rule 60(b), *United States v. Asarco, Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). We affirm.

The district court properly confirmed the arbitration award and denied Sathianathan's motion to vacate it because Sathianathan has not demonstrated the existence of any permissible ground for vacating the award. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc) (explaining that federal courts have "extremely limited review authority" over arbitration decisions).

The district court properly dismissed with prejudice Sathianathan's second amended complaint. *See DCD Programs, Ltd.*, 833 F.2d at 186 n. 3 ("a district court's discretion over amendments is especially broad where the court has already

given a plaintiff one or more opportunities to amend his complaint") (citations and internal quotation marks omitted).

The district court did not abuse its discretion by denying Sathianathan's motion for relief under subsections (1), (2), (3) and (6) of Rule 60(b) of the Federal Rules of Civil Procedure. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259-60 (9th Cir. 2004) (holding no excusable neglect under Rule 60(b)(1) because plaintiff-appellant did not establish why she was unable to obtain evidence until nearly a year after the entry of summary judgment and explaining that Rule 60(b)(3) requires "clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting" its case); *Coastal Transfer Co. v. Toyota Motor Sales*, *U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (explaining that under Rule 60(b)(2), the purportedly newly-discovered evidence must not have been previously discoverable through the exercise of due diligence and must be such that it likely would have changed the outcome of the case); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

IL/RESEARCH

prevented a party from taking timely action to prevent or correct an erroneous judgment.") (citations and internal quotation marks omitted).

Sathianathan's November 16, 2005 motion to strike and his August 7, 2009 motion to amend/correct are denied. Smith Barney's motion to strike filed on November 8, 2005 is granted and its motion to strike filed on December 7, 2005 is denied.

We remand to the district court for resolution of fees and costs incident to appeal, if any. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987).

**AFFIRMED and REMANDED for fees and costs.**