**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| R. PRASAD INDUSTRIES, a Guyanese company,<br><br>      Plaintiff-Appellee,<br><br> v.<br><br>FREDERIC M. DOUGLAS,<br><br>      Defendant-Appellant,<br><br>  v.<br><br>FRANKLIN THOMAS HOVORE; JANE DOE HOVORE; POWERS & HOVORE PLLC; HOVORE LAW PLLC,<br><br>      Third-party-defendants-Appellees. | No.    14-17088<br><br>D.C. No. 3:12-cv-08261-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER, REINHARDT, and OWENS, Circuit Judges.

Frederic M. Douglas appeals the order of the district court imposing sanctions pursuant to 28 U.S.C. § 1927.  The sanctions were imposed after Douglas filed a document entitled "First Amended Answer Counterclaims, Cross-Claims and Jury Demand" ("FAACC"), in contentious proceedings arising out of a fertilizer contract.  Although sanctions had been sought by Plaintiff and its counsel, Hovore, the court imposed sanctions only for the filings aimed at attorney Hovore.  The district court correctly observed that Hovore was not a party to the action.  The claims Douglas attempted to assert in those filings were not authorized by the Federal Rules of Civil Procedure and included claims based on allegations of extortion founded on conduct that was lawful under the relevant Arizona statute.

Section 1927 authorizes the imposition of sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . ."  The filings unreasonably multiplied proceedings for, as the district court observed, Douglas failed to respond to Plaintiff's and Hovore's original motions to dismiss the counterclaims and instead realigned the claims and added an additional claim.  The district court found this a transparent attempt to preserve diversity jurisdiction and re-raise baseless claims, instead of responding to the pending motions.  The

2

district court's finding that Douglas acted recklessly is fully supported by the record.

Douglas contends that, as a matter of law, the FAACC was an "initial pleading" to which § 1927 does not apply. *See Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996). Douglas's sanctioned filings did not initiate this litigation. It was already underway. Sanctions were not imposed upon Douglas's original pleadings, but on the claims as asserted in the FAACC. These unreasonably prolonged and complicated the litigation. We cannot conclude the district court abused its discretion by imposing sanctions. *See MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991).

Douglas also challenges the amount of the award. It was determined by use of the lodestar method after careful review of the record. We have recognized that lodestar is the appropriate method for calculating attorney's fees. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). There was no abuse of discretion in the district court's refusal to reduce the award, because Douglas's mere assertion of financial hardship provided no basis on which the court could tailor a reduction.

Whatever improprieties there may have been in the documentation provided in support of Hovore's reply, they were not material, as the district court did not rely on those exhibits.

**AFFIRMED**.

*Douglas  v  Hovore   14-17088*

**REINHARDT, Circuit Judge, dissenting:**

This litigation began when Hovore, on behalf of Prasad Industries, filed thirteen civil claims -- including RICO -- in what Hovore's counsel on appeal described at oral argument as a "simple contract case."  Hovore followed up with a demand letter threatening criminal action if a large sum of money was not immediately transferred.  Douglas filed the "First Amended Answer, Counterclaims, Cross-Claims and Jury Demand" in response.  I do not believe that Douglas's action was sufficiently reckless to justify sanctions under 28 U.S.C. § 1927.  Contrary to the District Court's conclusion, a "cursory reading" of the Federal Rules of Civil Procedure does not show that the filing was improper.  Moreover, the filing did not require Prasad "to obtain independent representation during the pendency of the improperly pleaded claims against Hovore," as the District Court incorrectly stated.  I would, therefore, reverse the award of sanctions against Douglas.