**UNITED STEELWORKERS OF AMERICA; United Steelworkers of America, Local No. 4776; International Association of Machinists and Aerospace Workers, Lodge No. 1357; International Brotherhood of Electrical Workers, Local 523; United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 741; International Union of Operating Engineers, Local 428; United Transportation Union, Local 807; Ronald Rhoads,**

William Hunter, William Puffer, Diana Pino Vega, Shea Burkhead (Olaiz), Amado Gonzales, Art Galvez, Antonio Santiago, David Williams, Jose Ortiz, Richard Olea, Jerry Wohlgamuth, Natalie Munoz (Clark) and Soila Bon, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

PHELPS DODGE CORPORATION, a New York corporation; Arizona Department of Public Safety; County of Pima, a political subdivision of Arizona; James Sheets; Dan Ludwiczak; Ron Lee; John Doe Jett; John Gilmartin; Clarence Dupnik, individually and as Pima County Sheriff; and David Allen, individually and in official capacity, Defendants–Appellees.

No. 88–2517.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1989.

Decided Feb. 16, 1990.

Michael H. Gottesman, Bredhoff and Kaiser, Washington, D.C., for plaintiffs-appellants.

Lyle Aldridge Jones, Edwards, Smith and Kofron, Tucson, Ariz., for defendants-appellees.

Before TANG, CANBY, and O'SCANNLAIN, Circuit Judges.

CANBY, Circuit Judge:

United Steelworkers of America and other plaintiffs appeal the district court's order awarding them attorneys' fees under 42 U.S.C. § 1988 in an amount significantly less than they requested. There is no dispute that plaintiffs meet the prerequisites for an award of fees under section 1988. The only issue on appeal is the amount of the fee awarded. We review the district court's award for an abuse of discretion. *Quesada v. Thomason*, 850 F.2d 537, 538 (9th Cir.1988). Finding such an abuse, we reverse and remand for recalculation of the fee.

## BACKGROUND AND PROCEDURAL HISTORY

Six unions and fifteen individuals, the plaintiffs here, filed suit against Pima County, various officials and employees of the county, the Arizona Department of Public Safety, and the Phelps Dodge Corporation for violations of the plaintiffs' civil rights under 42 U.S.C. § 1983. The events triggering the lawsuit stem from a strike at the Phelps Dodge copper mining operations in Ajo, Arizona.

The plaintiffs won a jury verdict against Pima County, the Pima County Sheriff's office, and the Sheriff and several deputy sheriffs named individually as defendants. Other defendants had been dismissed prior to trial, or had won summary judgment on immunity grounds.[1] Phelps Dodge was granted summary judgment prior to trial, but that decision was later appealed and reversed by this court. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir.1989) (en banc).

The plaintiffs subsequently filed an application, under 42 U.S.C. § 1988, for attorneys' fees. They sought compensation for 3,656.40 hours, which were billed at three different rates, for the three attorneys who worked on the case. Michael McCrory, the lead counsel, billed 2,424.95 hours at $130 per hour. Gerald Pollock billed 317.50 hours at $150 per hour, and Sherry Teachnor billed 913.95 hours at $100 per hour. In addition, the application requested $20,309.25 for time billed by law students working as law clerks and by paralegals, and $29,790.91 for out-of-pocket litigation expenses. The plaintiffs had already been awarded $31,612.40 for costs under 28 U.S.C. § 1920.

The application for fees also disclosed that one of the union plaintiffs, United Steelworkers of America, had entered into a fee agreement with plaintiffs' attorneys. The agreement provided that United Steelworkers would pay hourly attorneys' fees and out-of-pocket expenses during the course of the litigation, but would be reim-

---

**1.** These defendants included the justice of the peace, several named county attorneys, and the Arizona Department of Public Safety.

bursed for those fees and expenses out of any statutory fee award.

The district court, in an order dated January 29, 1988, awarded plaintiffs $150,000 in attorneys' fees, and did not award any litigation expenses. The court did not specify the number of hours it deemed reasonable, or the hourly rate at which the court compensated the attorneys. The plaintiffs filed a motion to reconsider and clarify the award. The district court filed an order May 10, 1988, which stated that it had used an hourly fee of $100 per hour, and had determined that 1,500 hours could reasonably have been expended on the litigation. Plaintiffs filed a notice of appeal on April 5, 1988.[2]

## DISCUSSION

A prevailing party in a section 1983 action is entitled to a reasonable attorneys' fee under section 1988 absent exceptional circumstances. See Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). To determine what fee should be awarded, the court must first determine the "lodestar," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 433, 103 S.Ct. at 1939; Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), opinion amended, 808 F.2d 1373 (9th Cir.1987). The Kerr factors are used in this preliminary determination of the lodestar.[3] See Chalmers, 796 F.2d at 1211. After the lodestar is determined,

the court may make adjustments, depending on the circumstances of the case. Blum v. Stenson, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). Factors subsumed in the original determination of reasonable hours and rates, however, should not be used to adjust the lodestar figure. Id. at 898–99, 104 S.Ct. at 1548–49; Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir.1987). Calculating the lodestar is the critical inquiry, therefore, because there is a strong presumption that it is a reasonable fee. Jordan, 815 F.2d at 1262.

The district court must provide a concise but clear explanation of its reasons for the fee award. Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. Explicit mathematical calculations are not required, but without a clear explanation of what the district court did, this court cannot review the award in a meaningful manner. Chalmers, 796 F.2d at 1213. Where the fee award differs significantly from that offered and documented by counsel, some explanation as to how the district court arrived at its figures is necessary. Domingo v. New England Fish Co., 727 F.2d 1429, 1447, modified, 742 F.2d 520 (9th Cir.1984).

### 1. Reasonable Hours

■ In this case, the district court awarded fees for 1,500 hours of work. The plaintiffs had requested, and supported in their documentation, fees for 3,656.40 hours. Without an indication from the dis-

---

**2.** The defendants filed a motion to dismiss this case on the ground that we lack subject matter jurisdiction because of an untimely notice of appeal. Plaintiffs had relied on an extension of time granted by the district court in which to file a motion, under Rule 59, to reconsider the January order awarding fees. Defendants are correct that the district court did not have the power to extend the deadline in which to file a motion for new trial under Rule 59. See Fed.R. Civ.P. 6(b). A motions panel of this court, however, determined that we had subject matter jurisdiction under the doctrine of unique circumstances, which excuses an untimely filing of a notice of appeal when the party has, in good faith, relied on the court's extension of time. See United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1267–70 (9th Cir.1985). We agree with that determination and thus reach the merits of this appeal.

**3.** Several factors are outlined in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), to provide guidance in arriving at a reasonable attorney's fee. They include: 1) the time and labor required, 2) the novelty and difficulty of the questions involved, 3) the skill requisite to perform the legal service properly, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or the circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation, and ability of the attorneys, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases.

trict court of how it arrived at 1,500 hours, we find ourselves unable to review the district court's determination of the number of hours reasonably expended on the litigation. The number of hours was significantly reduced, with inadequate documentation of the reasons for the wholesale reductions in hours. The district court apparently had some concerns about hours billed that may not have been necessary or properly related to the claims, but there is no indication of the number of hours deducted for these reasons. In addition, the district court apparently disallowed hours spent on a moot court trial run, and on consultations regarding a jury project related to the case. We see no reason why these hours cannot be included in a fee award as long as the number of hours spent was reasonable.

■ Although we conclude that the district court abused its discretion in fixing the hours to be compensated, we are unable to determine the proper number of hours that should be compensated. The district court is in a better position to determine the reasonableness of the hours requested, and should initially exercise that discretion. We therefore remand to the district court to recalculate the number of hours that should be compensated, and to provide explanations of how it arrived at the final number of hours it awards. We emphasize that hours actually expended in the litigation are not to be disallowed without a supporting rationale.

### 2. *Reasonable Rate*

■ We agree with the plaintiffs that the district court abused its discretion in determining that $100 was the appropriate rate at which to award fees. The rate to be used for fees under section 1988 is the prevailing market rate in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those

setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate. *See Chalmers,* 796 F.2d at 1214. All the evidence produced by the plaintiffs supported a market rate between $125 and $160 per hour. Although the defendants disagreed with this evidence, they did not support their arguments with any affidavits or evidence of their own regarding legal rates in the community. The court did not determine that the lawyers performed below the level of expertise that would command those rates, *Jordan,* 815 F.2d at 1262–63, and apparently billed all three attorneys at the same rate, although different rates were requested.[4] On this record, therefore, attorneys McCrory's and Pollock's requested fees of $130 and $150 per hour, respectively, were established as being in line with prevailing community rates. On remand, the court must presume those requested rates are reasonable. *See Jordan,* 815 F.2d at 1263; *In re Hill,* 775 F.2d 1037, 1040 (9th Cir. 1985) (abuse of discretion when record contains no evidence upon which district court could have based fee decision).

### 3. *Out–of–Pocket Expenses*

■ Out-of-pocket litigation expenses are reimbursable as part of the attorneys' fee, distinct from the costs already awarded to plaintiffs under 28 U.S.C. § 1920. *Chalmers,* 796 F.2d at 1216 n. 7. The district court's reliance on *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), in prohibiting an award of expenses is misplaced. Reasonable expenses are allowed as part of the fee. On this record, the expenses would appear to be reasonable. If the district court finds any of these expenses to be unreasonable, it should state its reasons and deduct expenses from the total.

### 4. *Law Clerks and Paralegals*

■ Similarly, time reasonably spent by law clerks and paralegals is compensable under section 1988. *Cameo Convalescent Center v. Senn,* 738 F.2d 836, 846 (9th

---

**4.** Plaintiffs do not appeal the hourly rate for attorney Teachnor because they requested a rate of $100 for her services.

Cir.1984), *cert. denied,* 469 U.S. 1106, 105 S.Ct. 780, 83 L.Ed.2d 775 (1985). The record adequately supports the requested rate of $15 per hour for law clerks and paralegals as being in line with prevailing community rates; there is no substantial evidence to the contrary. On remand, the district court should determine the number of hours reasonably expended by the law clerks and paralegals. The court should begin with the hours actually expended; any hours the district court finds unreasonable it should exclude with an explanation of its reasoning. Once reasonable hours are determined, they should be allowed at the rate of $15 per hour.

5. *Fees on Appeal*

■ Plaintiffs also request fees for the time spent on this appeal. They are entitled to them. *Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1126 (9th Cir.1981). They should make their request for attorneys' fees on appeal in accordance with Ninth Circuit Rule 39–1.6.

## CONCLUSION

The order of the district court is RE-VERSED, and the matter is REMANDED for recalculation of the attorneys' fee, and expenses in a manner consistent with this opinion.