930 F.2d 26
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dan E. BUTCHER and Mary F. Butcher, Plaintiffs-Appellants,
v.
Reese L. MILNER II, Chicago Title Insurance Company, First
Nationwide Savings and Loan Association, et al,
Defendants-Appellees.
 
 1
 Nos. 89-55235, 89-55687.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted May 10, 1990.
Decided March 27, 1991.
 
 3
 Before HUG and TROTT, Circuit Judges, and JENSEN,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Dan and Mary Butcher appeal the district court's dismissal with prejudice of their section 1983 and RICO claims and its award of fees to appellees under section 1988. We have jurisdiction under 28 U.S.C. Sec. 1291 (1988), and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 6
 On May 27, 1988, appellants filed a complaint against appellees in California Superior Court stating nine causes of action relating to a disputed land transaction. Two of the claims were based on federal law.
 
 
 7
 Appellants' first federal claim asserted a RICO violation under 18 U.S.C. Sec. 1964 (1988). Appellants alleged as predicate acts of racketeering that appellees had engaged in mail fraud. Their complaint requested treble damages.
 
 
 8
 Appellants' second federal claim was less coherent, but appeared to state a cause of action under 42 U.S.C. Sec. 1983 (1988):
 
 SEVENTH CAUSE OF ACTION
 
 9
 (This cause of action is for violation of civil rights and involves plaintiffs and all defendants)
 
 
 10
 38. By reference plaintiffs replead their first through fifth causes of action the same as though fully set forth again.
 
 
 11
 39. Plaintiffs are guaranteed certain rights by the Constitutions of the United States of America and the State of California, including the right to be free from unwarranted interference with their property rights by the improper use of governmental agencies and public institutions and Courts, by persons and entities such as defendants herein.
 
 
 12
 40. Contrary to such rights of plaintiffs, defendants have misused such agencies for their own purposes and have thus violated the fundamental civil rights of plaintiffs by interference with plaintiffs' property in such improper manner employing subterfuge and deception and engaging in an unlawful conspiracy to direct violation of the rights secured to every person in the United States of America and the State of California.
 
 
 13
 41. Plaintiffs have been damaged in the amount of $7,000.000.00 dollars by reason of violation of their civil rights, which amount should be trebled by reason of such violation of their rights.
 
 
 14
 On July 1, 1988, appellees filed a notice of removal based on the two federal claims. See 28 U.S.C. Sec. 1441(a) (1988). On July 14, 1988, the district court issued an order declining to exercise pendent jurisdiction over the state claims and remanding those claims to the state court. It retained jurisdiction over the two federal claims. On the same day, it issued a separate order directing appellants "to specify which of their United States constitutional rights were allegedly violated and the factual basis of the alleged violations."
 
 
 15
 Appellants responded to the court's order on August 4, 1988:
 
 
 16
 1. SPECIFIC STATEMENT OF VIOLATION OF CIVIL RIGHTS: The plaintiffs allege that their right to be secure in their property and to not have said property removed from their jurisdiction without due process of law has been violated in that due process of law in the present instance, being property located within the State of California involves the joinder, by reason of California Civil Code Section 5127 of both spouses to community property.
 
 
 17
 Notwithstanding this provision of law and the due process thus required, and with full knowledge plaintiffs were husband and wife, by reason of having heard the same in a preliminary property report relating to the property and in the underlying suit in which a judgment was entered, the rights of plaintiffs have been violated. A copy of California Civil Code Section 5127 is attached hereto as Exhibit 1.
 
 
 18
 2. Further specific instances of violations of plaintiffs' civil rights have been threats made and sent through the United States mail threatening plaintiff Dan Butcher with criminal or quasi criminal proceedings if he did not, in violation of California Civil Code Section 5127 proceed with a transfer of property.
 
 
 19
 3. The individual defendants so involved were all named defendants who cooperated in said scheme. The defendant Chicago Title Insurance Co., which alleges that it should be sued as "Security Union Title Insurance Company" a fact which plaintiffs resist participated by disposing of or otherwise failing to maintain an alleged escrow of Chicago Title Insurance Co. and the defendant First Nationwide Savings and Loan Association participated in cooperating in the providing of so called expert witnesses relating to property matter and employing defendant Robert N. Klein II with full knowledge of the activities being undertaken.
 
 
 20
 4. All of the other defendants are owned or controlled by Reese L. Milner, II, James A. Hennefer, Robert N. Klein, II and Bud Plone. All of them have worked together in a common scheme to try to deprive plaintiffs of their property and to obtain said property for Reese L. Milner, II to whom plaintiffs specifically objected to having ownership of said property in view of certain surrounding properties controlled by Reese Milner, II.
 
 
 21
 On November 28, 1988, the district court dismissed appellants' section 1983 claim without prejudice because they failed to allege the requisite state action.[1] It then stated: "Plaintiffs are given leave to correct the deficiencies in their complaint, and shall file a first amended complaint within twenty-one (21) days of the date this Order is filed." (emphasis added). Appellants did not amend their complaint by the deadline, and appellees moved to dismiss the action with prejudice pursuant to Fed.R.Civ.P. 41(b). Appellants did not oppose the motion.
 
 
 22
 On March 21, 1989, the district court dismissed the complaint with prejudice because "[p]laintiffs did not file the amended complaint pursuant [to] the Court's Order." The court denied appellees' request for Rule 11 sanctions, but granted attorneys' fees under 42 U.S.C. Sec. 1988 (1988). The court based its award on two grounds. First, it found the section 1983 claim frivolous because it failed to allege appellees had acted under color of state law. Second, it determined the action was "merely an effort to relitigate issues adversely decided against them in an earlier California Superior Court case...." Finally, the court ordered appellees to submit an accounting of the attorneys' fees owed them.
 
 
 23
 On July 6, 1989, the district court issued an order awarding appellees $44,565.60 in attorneys' fees, which included the cost of defending both the section 1983 and RICO claims. Appellants timely appeal.
 
 ANALYSIS
 
 24
 * The District Court's Jurisdiction
 
 
 25
 Appellants contend the award of fees was erroneous because the district court lacked subject matter jurisdiction under the removal provisions of 28 U.S.C. Sec. 1441(a) (1988). We review de novo whether the court had jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir.1988).
 
 
 26
 Under section 1441(a), a case involving state and federal claims may be removed to the district court so long as the federal claims would be within the court's original jurisdiction. See 28 U.S.C. Sec. 1441(a) (1988); Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Redwood Theaters v. Festival Enter., 908 F.2d 477, 479 (9th Cir.1990); Emrich, 846 F.2d at 1195. Appellants' complaint clearly stated a RICO cause of action and appeared on its face to state a section 1983 claim. Appellants argue their section 1983 claim was insufficient to confer jurisdiction on the court because they never cited 42 U.S.C. Sec. 1983 (1988). We find this argument unpersuasive. The fact that the claim ultimately was found to be frivolous also is irrelevant. The claim bore the indicia of a cause of action under section 1983 though the district court eventually held the state action element was missing. As we stated in Emrich, the plaintiff is the master of his complaint; if the plaintiff desires to keep his case in state court he should not assert a parallel federal right. Emrich, 846 F.2d at 1196. We hold the district court had subject matter jurisdiction over both federal claims.
 
 II
 The Dismissal under Rule 41(b)
 
 27
 Rule 41(b) provides in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). We review dismissals under Rule 41(b) for an abuse of discretion. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 28
 The district court dismissed appellants' complaint because they "did not file the amended complaint pursuant [to] the Court's Order." Appellants' failure to amend their complaint justified the dismissal. See Toyota Landscape v. Bldg. Material & Dump Truck, 726 F.2d 525, 528 (9th Cir.), cert. denied, 469 U.S. 825 (1984).[2] We hold there was no abuse of discretion.
 
 III
 The Award of Attorneys' Fees
 
 29
 A district court may award fees to a prevailing defendant in a section 1983 case when the plaintiff's suit is unreasonable, frivolous, meritless, or vexatious. See Hughes v. Rowe, 449 U.S. 5, 14-16 (1980); Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir.1988). We review the award of fees for an abuse of discretion. Id. at 1380.
 
 
 30
 The district court found appellants' suit frivolous because they failed to allege appellees acted under color of state law, as required by section 1983. The court also found their suit was a vexatious attempt to relitigate matters already decided in the state courts. The record supports both conclusions. We hold the district court did not abuse its discretion in awarding fees under section 1988.
 
 IV
 The Amount of Fees
 
 31
 Appellants also challenge the amount of the district court's award. We review this decision for an abuse of discretion. United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 405 (9th Cir.1990).
 
 
 32
 In its order granting $44,565.60 in fees, the district court provided a detailed and exhaustive analysis of appellees' submission of costs. The court determined the number of hours reasonably spent by appellees and multiplied that figure by the prevailing hourly rate charged for such services. See e.g., United Steelworkers, 896 F.2d at 406-07. We discern no abuse of discretion in the award.
 
 
 33
 Appellants' only contention of any substance is that the court erroneously included the cost of defending against the RICO claim. This argument is meritless. A prevailing party in a section 1983 case is entitled to fees for work on related claims. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); Carreras v. City of Anaheim, 768 F.2d 1039, 1050 (9th Cir.1985). Appellees' defense against the RICO claim properly was compensated because that claim arose from substantially the same facts as the section 1983 claim.
 
 V
 Appellees' Request for Costs under Rule 38
 
 34
 Appellees seek costs under Fed.R.App.P. 38, arguing appellants' appeal is frivolous. We cannot say this appeal is frivolous. The request for costs is therefore denied.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The Honorable D. Lowell Jensen, United States District Court Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court also dismissed appellants' RICO claim without prejudice for their failure to allege fraud with specificity as required by Fed.R.Civ.P. 9(b)
 
 
 [2]
 Though the district court's order requiring appellants to amend their complaint mixed permissive and mandatory language, we see no ground for rejecting the court's own interpretation that its order was mandatory