996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael S. CHANDLER, Plaintiff-Appellee,
v.
Steve KOON, Captain; Scott Jackson; Sgt. Benzler; Harol
Whitley; C/O Baca; Darrel Butler, Defendants-Appellants.
 Nos. 90-16283, 90-16285.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1993.
Decided June 29, 1993.
 
 1
 Before: FLETCHER and T.G. NELSON, Circuit Judges, and WILSON,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Steve Koon, formerly an Associate Warden at the Nevada State Prison, appeals a jury award of compensatory and punitive damages in favor of Michael Chandler, an inmate at the prison. Chandler's 42 U.S.C. § 1983 (1988) suit alleged that his federal constitutional rights had been violated by a digital anal cavity search performed on him without reasonable suspicion on March 8, 1987. We affirm, and, on Chandler's cross-appeal, remand for the entry of a fee award in an amount consistent with the principles outlined in this disposition.
 
 I.
 
 4
 The Fourth Amendment requires that the performance of digital anal cavity searches on prison inmates "be conducted with reasonable cause and in a reasonable manner." Vaughan v. Ricketts, 950 F.2d 1464, 1468-69 (9th Cir.1991) (citation omitted). A constitutional violation "may be predicated on a finding either that cause was lacking or that the search was conducted in an unreasonable manner." Id. at 1469.
 
 
 5
 The jury in this case was instructed that there would be no violation of Chandler's Fourth Amendment right against unreasonable search and seizure "[i]f you find that the search performed on the plaintiff was done based on a reasonable suspicion for a legitimate penological purpose and was done in a reasonable manner."
 
 And they were also instructed that
 
 6
 to establish a claim under Section 1983, the plaintiff must show that the defendants acted intentionally or in wanton or reckless disregard of the plaintiff's constitutional rights. If you find the acts of the defendants were negligent or wanton or reckless, then you should return a verdict for defendants even if you find the plaintiff was injured as a result of these acts.
 
 
 7
 The jury was properly instructed. The record reveals evidence from which the jury could find that there was no reasonable suspicion.[1] No drugs were found in the search or as a result of the search. Koon claimed that he had been apprised of Chandler's positive urine test results before the search despite the fact that the report came back two days after the search. He testified that Chandler's cell had been searched in the past and drugs had been found and also that informants had implicated Chandler. There were, however, no disciplinary actions or other memoranda in Chandler's record to corroborate any of this.
 
 
 8
 Chandler presented evidence that John Chandler (no relation), another convict, was deeply involved in drugs and that Koon had initially confused the two. Among other things, Koon had, in his deposition, identified Michael Chandler's wife by John Chandler's wife's name. Koon flatly denied any confusion--he said Michael was his target.
 
 
 9
 A jury's credibility determination will not normally be disturbed by this court. United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992) (citation omitted). We have no basis to do so here.
 
 II.
 
 10
 Following trial, Chandler filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988 (1990), which provides for the award of "a reasonable attorney's fee as part of the costs" to the prevailing party in a Section 1983 action. Chandler requested $34,882.50 in fees and $1,346.90 in costs. Koon did not oppose the motion. However, the magistrate judge awarded Chandler only $6,552.00 in fees and no costs at all. The magistrate judge rejected some of the hours claimed by Chandler's attorney as unreasonable. She compensated those hours at a rate of $120 an hour, as opposed to the $150 an hour requested by Chandler. Finally, she reduced Chandler's fee award by a factor of two-thirds to account for the fact that Chandler had obtained a favorable verdict against only one of the defendants that he had sued. We review the fee award for an abuse of discretion. Merritt v. Mackey, 932 F.2d 1317, 1324 (9th Cir.1991).
 
 
 11
 (a) Timeliness--Chandler's motion for fees was timely filed. The magistrate judge suggested otherwise. She noted that under District of Nevada Local Rule 205-18, a motion for fees must be filed within thirty days "after entry of final judgment or order disposing of the action." The magistrate judge observed that Chandler did not file his motion until March 2, 1990, or more than thirty days after January 19, 1990, the date judgment was entered on the jury's verdict. The magistrate judge construed that date to be the relevant one for purposes of the local rule; thus, she deemed Chandler's motion untimely. However, it is clear that the judgment entered upon the jury's verdict did not represent the "final judgment or order disposing of the action" below. On January 26, 1990, Koon filed a motion for a new trial under Fed.R.Civ.P. 59. That motion robbed the judgment of January 19 of its finality. Not until the magistrate judge disposed of the motion was there a "final judgment" from which the parties could appeal. See Fed.R.App.P. 4(a)(4) (providing that when a motion for a new trial is filed under Rule 59, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion").
 
 
 12
 Recognizing that Chandler's motion for fees was timely filed is important because Koon argues that the magistrate judge based her award at least in part on Chandler's dilatoriness. At the fee hearing, the magistrate judge declared that she could have denied Chandler fees altogether as he had run afoul of the local rules. Koon argues that, while the magistrate judge did not go this far, she did reduce Chandler's fees as a sanction for the late filing. Because Chandler did in fact file his motion in a timely fashion, however, the magistrate judge's decision cannot be defended on such grounds. Instead, the award must be assessed to determine if it comports with the generally applicable standards for a reasonable fee under Section 1988.
 
 
 13
 (b) Reasonable Hours--The Supreme Court has developed a two-pronged approach to the calculation of a reasonable attorney's fee. Under this approach, a court must first calculate a "lodestar" figure by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984); see also Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th Cir.1988), cert. denied, 493 U.S. 1035 (1990). While this lodestar amount is presumed to represent an appropriate fee, under certain circumstances a court may then adjust the award upward or downward to take into account special factors. Blum, 465 U.S. at 897.
 
 
 14
 As the first step in performing this analysis, the magistrate judge rejected some of the hours claimed by Chandler's attorney as unreasonable. She declined to award fees for the 40.15 hours Chandler's attorney spent on the original mistrial as well as a total of 28.6 hours he spent on various fee petitions. This was an abuse of discretion.
 
 
 15
 We have made clear our view that the assessment of reasonable hours is to be made by reference to standards established in dealings between paying clients and the private bar. "[The] calculation of fees for prevailing civil rights plaintiffs is to be the same as in traditional fee arrangements and ... all reasonable time spent is to be compensated." Suzuki v. Yuen, 678 F.2d 761, 764 (9th Cir.1982). "Hours actually expended in [a] litigation are not to be disallowed without a supporting rationale." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir.1990). The magistrate judge nowhere provided a suitable explanation as to why Chandler was not entitled to fees for the time spent on the mistrial, which clearly constituted part of the litigation below. She did not find the 40.15 hours to have been redundant or excessive. Given that the mistrial appears to have been caused by the actions of Koon and codefendant Jackson, we see no basis for denying Chandler compensation for those hours.
 
 
 16
 Chandler similarly is entitled to fees for the time his attorney spent in preparing fee petitions. "We, like every other court that has considered the question, have held that the time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable." Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir.1986); accord D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1387-88 (9th Cir.1990). The magistrate judge ignored this case law, stating simply that the motions for fees were not "well taken." Chandler's fee motions appear thorough and well-documented, and there is no reason why the moderate number of hours he claimed in preparing them should not have been compensated.
 
 
 17
 (c) Hourly Rate--Chandler requested that the magistrate judge utilize a billing rate of $150 an hour in calculating the lodestar fee. The magistrate judge, however, used a rate of $120 an hour, noting that it was this figure that Chandler's attorney had declared to be his regular fee in his motion for interim fees dated November 14, 1989.
 
 
 18
 Both the Supreme Court and our court have made it clear that the billing rate utilized in the calculation of a lodestar fee should be established by reference to the "prevailing market rates in the relevant community." Blum, 465 U.S. at 895; accord United Steelworkers, 896 F.2d at 407. Thus, the magistrate judge erred in focusing on the regular billing rate of Chandler's attorney (who claimed, in any event, that he had revised his rate structure since he filed the interim fee motion):
 
 
 19
 Once the number of hours is set, the district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees. This determination is not made by reference to rates actually charged by the prevailing party. The court should use the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.
 
 
 20
 D'Emanuele, 904 F.2d at 1384 (internal quotation marks and citations omitted).
 
 
 21
 Declarations submitted by a plaintiff concerning "the prevailing market rate in the relevant community ... [are] sufficient to establish the appropriate [billing] rate for lodestar purposes." Bouman v. Block, 940 F.2d 1211, 1235 (9th Cir.), cert. denied, 112 S.Ct. 640 (1991). Here, Chandler submitted three affidavits from lawyers in the community declaring that $150 an hour constituted an appropriate billing rate for a lawyer possessing the skill, experience (over ten years of jury trials), and reputation equivalent to that of his attorney in Reno, Nevada, the community where this case was litigated. All three of the affiants stated that they had tried numerous cases in the United States District Court for the District of Nevada (one of the affiants is the former United States Attorney for the District) and that they were familiar with the rates charged in cases such as this.
 
 
 22
 Koon presented no evidence to the contrary regarding prevailing billing rates in Reno. Indeed, as noted above, there was no opposition at all to Chandler's fee request.[2] Thus, the magistrate judge abused her discretion in not utilizing a figure of $150 an hour in calculating the lodestar fee, as all the evidence before her indicated this to be the prevailing billing rate in the relevant local community.
 
 
 23
 (d) Reduction of the Lodestar Amount--There exists a "strong presumption" that the fee determined by multiplying a reasonable billing rate by the number of hours justifiably expended on a litigation constitutes an appropriate fee award. United Steelworkers, 896 F.2d at 406; see also D'Emanuele, 904 F.2d at 1383 ("[U]pward or downward adjustments are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee."). Here, however, the magistrate judge reduced the lodestar fee by a factor of two-thirds, reasoning that "of course, we had three defendants in here, and two of them prevailed. And presumably they might have--could have filed, and they might have required the plaintiff to pay them. There isn't any indication in here, whatsoever, about which work was done for which. And so I would divide it in three, since there were three."[3] The magistrate judge abused her discretion in reaching this conclusion.
 
 It is clear
 
 24
 that courts may not adopt rigid mathematical formulas tying the lodestar figure to the ratio of defendants [prevailed against] to defendants served in the complaint. The Supreme Court has disapproved on more than one occasion of such pretensions to mathematical precision.... We agree that a unifactor approach tying the number of hours accepted as reasonable solely to the proportion of defendants ultimately prevailed against would be inconsistent with the statutory mandate that district courts exercise discretion by considering all factors relevant to reasonableness.
 
 
 25
 ....
 
 
 26
 ... [T]he amount of attorney's fees [prevailing parties] receive should be based on the work performed on the issues in which they were successful.
 
 
 27
 Cunningham, 879 F.2d at 485-86 (internal quotation marks omitted) (emphasis omitted). In Hensley v. Eckerhart, the Supreme Court declared that while a plaintiff should not be compensated for time spent on claims entirely unrelated to those on which she prevailed, she should receive fees for "all hours reasonably expended" on her winning causes of action even though she did not prevail on every claim related to them. Hensley, 461 U.S. 424, 434-35 (1983). We have read Hensley "as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." Cabrales v. County of Los Angeles, 935 F.2d 1050, 1052 (9th Cir.1991). In other words, "[i]f a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim--even though she may have suffered some adverse rulings." Id. at 1053.
 
 
 28
 Here, Chandler did not bring distinct claims against the various defendants below. He sued them all on the same set of facts and for the same violations of his legal rights. Thus, the fact that he prevailed against only one of those defendants does not, by itself, suggest that he spent time on matters unrelated to his ultimate success. Chandler is entitled to all time reasonably expended in pursuing his winning claim against Koon, and there does not appear to be any serious suggestion here that Chandler spent greatly increased amounts of time on this case by virtue of the fact that he took four defendants to trial. The trial focused almost exclusively on Koon's actions and the justification for them.[4] Thus, we conclude that the magistrate judge abused her discretion in adjusting downward the lodestar fee.
 
 
 29
 (e) Costs--Chandler claims entitlement to $1,346.90 in costs incurred primarily with respect to the preparation of transcripts. "Reasonable expenses are allowed as part of the fee." United Steelworkers, 896 F.2d at 407. Chandler's costs are well-documented, and we see no basis for the magistrate judge's refusal to award them.
 
 III.
 
 30
 The award of compensatory and punitive damages against appellant Koon is AFFIRMED. The magistrate judge's fee award is VACATED and the case is REMANDED for the entry of a fee award in an amount consistent with the principles outlined in this disposition.
 
 
 
 *
 Honorable Steven V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Koon requested a qualified immunity instruction, which the magistrate judge refused. By 1984, the law on digital anal cavity searches was clearly established; an inmate's anal cavity could be searched only with reasonable cause and in a reasonable manner. Vaughan, 950 F.2d at 1468-69. An independent review of the record reveals that, as a matter of law, Koon could not reasonably have believed that he had reasonable cause and was, therefore, not entitled to qualified immunity. Cf. Hemphill v. Kincheloe, Nos. 89-35825 et al., 1993 U.S.App. LEXIS 13765, at (9th Cir. June 15, 1993) (appellate court may rely on trial record in deciding qualified immunity issue if evidence on prison official's reasonable belief presented at trial). Accordingly, we find no error in the court's refusal to give the requested instruction
 
 
 [2]
 Before this Court, Koon claims that the district court's decision in Corbett v. Wild West Enterprises, Inc., 713 F.Supp. 1360 (D.Nev.1989), establishes $150 an hour to be an excessive billing rate in Reno. In Corbett, however, the court stated that "[r]ates in excess of $150 per hour" are only charged in Reno under special circumstances. Id. at 1364 (emphasis added). The court did not view a rate of $150 an hour to be out of the ordinary, as it awarded one of the lawyers in that case, whose skill and experience do not appear to have been any greater than that of Chandler's lawyer here, fees calculated at that rate for the performance of normal legal tasks. Id. at 1365
 
 
 [3]
 Chandler, of course, actually brought four defendants to trial while prevailing against only one of them. Pursuant to the magistrate judge's logic, then, the lodestar fee should have been reduced by a factor of three-quarters
 
 
 [4]
 The one observation made by Koon in support of his argument that Chandler's attorney might have spent unreasonable amounts of time on this case given his success against only one defendant is that he took, and presumably reviewed, the depositions of all four defendants. However, it seems likely that Chandler's lawyer would have deposed the defendants even if they had not been parties to this case because of their involvement in the search