Griffith **STEINKE, et al., Plaintiff,**

v.

**WASHINGTON COUNTY, Defendant.**

**Civ. No. 94–396–RE.**

United States District Court,
D. Oregon.

Sept. 8, 1995.

See also 857 F.Supp. 55.

Spencer M. Neal, Ginsburg, Neal & LeSage, Portland, OR, Lisa M. LeSage, Hillsboro, OR, for plaintiffs.

John M. Junkin, Washington County Counsel, Hillsboro, OR, for defendant.

## OPINION

REDDEN, District Judge:

Plaintiffs are criminal defense attorneys who represent persons confined in the Washington County Jail (Jail) in Hillsboro, Oregon. Plaintiffs filed this lawsuit requesting that the defendant, Washington County, provide them with adequate and private space in which they may confer with their clients at the Jail.

The plaintiffs alleged in their amended complaint that use of the space available to them for client consultation (1) violates the rights of their clients to counsel by inhibiting full and free communication between clients and counsel; (2) violates the rights of plaintiffs to practice their profession according to the highest standards in violation of the 14th amendment; and (3) violates the rights of plaintiffs to free speech in violation of the first amendment.

### PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiffs move for attorney fees and costs in the amount of $24,548.48 pursuant to 42 U.S.C. § 1988 ($23,951 for Spencer Neal, approximately 100 hours; $429 for attorney Lisa LeSage; and $168.48 for costs). Plaintiffs filed a supplemental motion for fees alleging entitlement to $1768.20 for time spent on fee litigation.

### STANDARDS

A determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). Plaintiff carries the burden of proving the lodestar. *Id.* The factors considered to determine the lodestar figure include: (1) the time and labor required; (2)

the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Only those factors which are applicable need be addressed. *Sapper v. Lenco Blade, Inc.,* 704 F.2d 1069 (9th Cir.1983).

The court may adjust the lodestar: (1) downward if the plaintiff has achieved only partial or limited success, *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983); or (2) upward in "rare" and "exceptional" cases. *Delaware,* 478 U.S. at 565, 106 S.Ct. at 3098. However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617, 621 (9th Cir.1987).

Plaintiff carries the burden of proving that a multiplier is appropriate. *Jordan v. Multnomah County,* 815 F.2d 1258, 1264 (9th Cir.1987). Plaintiff does not request a multiplier and it is clear from the record that a multiplier is not appropriate.

## DISCUSSION

### 1. *Prevailing Party Status*

A civil rights claimant is entitled to a fee award under § 1988 if the claimant achieves prevailing party status. Such status must be achieved by obtaining relief on the merits of the claim. *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

Plaintiffs claim that they achieved prevailing party status by obtaining defendant's agreement to make changes in the way that the jail will be operated in order to make the current attorney-client interview spaces confidential and to make additional and more private space available to attorneys for those consultations.

Once plaintiffs became prevailing parties, they became entitled to compensation for all work done that is reasonably related to the underlying success in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Defendant contests plaintiffs' prevailing party status and argue that "plaintiffs technical victory in amending Jail attorney-client access policies through this court-supervised negotiation process is insufficient to support prevailing party status." Defendant's Objections to Plaintiff's Attorney Fees, p. 5.

Defendant argues that the additional opportunities for attorney-client visitation as a result of amending the attorney-inmate access policies of the *Jungwirth* and *Davis* consent decrees should not give rise to prevailing party status for the plaintiffs, because to do so would "undermine the commitment and willingness of this defendant and others to work cooperatively in seeking improvements rather than to resist the issue as a matter of law...." Defendant's Objections to Plaintiff's Attorney Fees, p. 6.

Pursuant to § 1988, plaintiffs were the prevailing party in this litigation. The plaintiffs were successful in increasing confidential space for attorney-client conferences. The current attorney booths are not private (as the court witnessed during the jail tour). As a result of this lawsuit, the County has agreed to improve the telephone system in the booths and to soundproof both booths. Plaintiffs also succeeded in obtaining more space in the jail for private consultations. These include the use of the law library on an increased basis and the basement facility. Plaintiffs also increased the security for attorneys when using the law library as a consultation area.

Case law dictates that the County's good faith is irrelevant to the issue of whether fees should be awarded against him. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 739, 100 S.Ct. 1967, 1978, 64 L.Ed.2d 641 (1980). *See also, Coalition for Basic Human Needs v. King,* 691 F.2d

597, 602 (1st Cir.1982) ("Fees Awards Act is not meant as a 'punishment' for 'bad' defendants who resist plaintiffs' claims in bad faith. Rather it is meant to compensate civil rights attorneys who bring civil rights cases and win them").

■ To determine whether a claimant's litigation was the catalyst for changes ultimately obtained in a consent decree, we proceed as follows: first, the district court "must determine what plaintiffs sought to accomplish in bringing their lawsuit, and then determine whether the lawsuit was causally linked to the relief actually obtained." *Doty v. County of Lassen,* 37 F.3d 540, 547 (9th Cir.1994). Then, the court "must determine whether there is a legal basis for the plaintiff's claim—it must not be 'frivolous, unreasonable or groundless.'" *Id.*

Plaintiffs satisfy both prongs of the test. The County has not claimed, nor can it reasonably do so, that plaintiffs' lawsuit was not casually related to the relief that plaintiffs sought, i.e., adequate and private attorney-client consultation space; and the relief plaintiffs ultimately obtained, adequate and private attorney-client consultation space. Further, there were legal bases for plaintiffs' claim, the obligation of an attorney to preserve the confidences of his client and the right of an attorney to practice his or her profession according to the highest standards. Defendant has no grounds to argue that plaintiffs' claims were frivolous, unreasonable or groundless.

Plaintiffs, therefore, are prevailing parties within the meaning of 42 U.S.C. § 1988 and should be awarded fees for their successful efforts in this litigation.

### 2. *Reasonableness of Time Spent*

Plaintiff's complaint was originally assigned to Judge Frye. Plaintiffs sought class certification status and a preliminary injunction. These motions were denied. The defendant filed a motion to dismiss which was denied. This court was assigned the case after the ruling on the dismissal motion. The parties then entered into lengthy settlement negotiations ending in the entry of a consent decree.

■ Plaintiffs argue that having succeeded in the litigation on their claims, they are entitled to be compensated for all of the time reasonably spent in the litigation. The issue is whether the time spent on any matter was reasonable.

> The question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Wooldridge v. Marlene Industries Corp.,* 898 F.2d 1169, 1177 (8th Cir.1990).

Defendant argues that if plaintiffs are awarded prevailing party status and fees, they should not receive an award that reflects all hours spent on this litigation because they have failed to achieve a level of success that makes all the hours expended a reasonable basis for making an award. Defendant wants any fee award to be reduced to account for "plaintiffs limited success and recognition of defendant's willingness to forego strong legal defense of its position in an effort to work cooperatively to address improvements." Defendant's Objections, p. 6.

■ Plaintiffs' counsel should be compensated for all hours spent on this litigation. Defendant contests the amount of hours claimed by plaintiffs in that plaintiffs should not be compensated for the hours spent while the case was assigned to Judge Frye, prior to the transfer to this court. Those hours should not be eliminated. Plaintiffs argue that they may have lacked standing to enforce the consent decrees entered in the prior cases, an argument that defendant, in fact, made in its motion to dismiss this case. Plaintiffs also argue that they chose to bring this action in their own names to avoid the numerous management problems that inhere to inmate lawsuits. Plaintiffs state that litigating under the prior consent decrees may not have satisfied all of plaintiff's concerns; for example, inmates and not attorneys would have been placed in control of the litigation. I agree with plaintiffs that it is

not proper for the court at this point to attempt to second guess plaintiffs' litigation strategies. The time spent by plaintiffs' counsel was reasonable and should be fully compensated.

### 3. *Reasonableness of the Rate*

■■■■ In deciding what a reasonable fee is under § 1988, the court must look at the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). These rates are set by determining what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Id.* In order to meet this burden of proof, the fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits" that the requested rates are prevailing market rates under this standard. *Id.*

The Ninth Circuit has held, "[g]enerally, the relevant community is one in which the district court sits." *Davis v. Mason County,* 927 F.2d 1473, 1488 (9th Cir.1991).

■■■ Since defendant has refused to concede the reasonableness of the rates sought by plaintiffs' attorneys, plaintiffs have contacted attorneys who practice in the field of complex federal litigation in order to obtain affidavits that are necessary for plaintiffs to meet their burden of proof with respect to this issue. Attorney Steenson has a civil rights practice similar to that of attorney Neal and charges his clients $200 per hour. Attorney Brischetto is also an attorney who specializes in representing claimants in civil rights cases and receives fees at the rate of $200 per hour. Elden Rosenthal, an employment law specialist, bills at the rate of $250 per hour. Liz McKanna, a 1989 admittee to the Oregon bar with extensive experience in other jurisdictions, specializes in employment law cases and bills at the rate of $210 per hour.

Neal states that he has received fees in the amount of $215 per hour in the last four cases he has either litigated or negotiated settlements in. I agree that Neal has established that his customary billing rate is $215 per hour and find that to be a reasonable amount, given the prevailing market standards, to compensate Neal in this case. *See United Steelworkers v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990) (documented rates requested by plaintiff's counsel presumptively reasonable absent defendants' submission of "affidavits or evidence of their own regarding legal rates in the community"). I also find that attorney LaSage is entitled to fees at the rate of $165 per hour.

### 4. *Fees for Fee Litigation*

■■ Plaintiffs are also entitled to compensation for the time spent arguing their underlying entitlement to fees. The compensable time includes both the fees incurred in preparing the fee application and those incurred in defending any challenge to the award raised by the defendant.

### *CONCLUSION*

Plaintiffs achieved prevailing party status as a result of the consent decree that was entered in this case. That decree increased the privacy that is necessary for attorney-client consultations. The time that was spent on the case by plaintiff's counsel was reasonable. Plaintiffs have amply supported the requested fee rates, and defendant has not rebutted that evidence.

Plaintiffs are awarded fees in the amount of $23,951 for attorney Neal and $429 for attorney LeSage. Plaintiffs are also awarded $168.48 for costs; and $1768.20 to cover the additional time spent litigating the issue of fees and the accompanying photocopying costs. Plaintiffs' request for oral argument is denied.