Jerry DORAN, and Disability Rights Enforcement, Education Services: Helping You Help Others, Plaintiffs,

v.

CORTE MADERA INN BEST WESTERN; and Motels of San Francisco, INC., Defendants.

No. C 03–1192–SI.

United States District Court, N.D. California.

March 7, 2005.

Thomas E. Frankovich, Jennifer L. Steneberg, Thomas E. Frankovich, PLC, San Francisco, CA, for Plaintiffs.

Martin H. Orlick, Jeffer Mangels Butler & Marmaro, San Francisco, CA, for Defendants.

## ORDER AWARDING ATTORNEYS' FEES

ILLSTON, District Judge.

Presently before the Court is plaintiffs' motion for attorneys' fees and costs. Having carefully considered the arguments of the parties and the papers submitted, the Court hereby GRANTS plaintiffs' motion for attorneys' fees, but with certain reductions.

## BACKGROUND

This case concerns an application by plaintiffs for an award of statutory attorneys' fees, costs, and litigation expenses, incurred in prosecuting a civil rights action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the California Disabled Persons Act, Cal. Civ.Code § 54, *et seq.*, the Unruh Civil Rights Act, Cal. Civ.Code § § 51 and 51.5, and the Unfair Competition Act, Cal. Bus. & Prof.Code § 17200, *et seq.* Defendant, Corte Madera Inn Best Western, does not dispute plaintiffs' right to attorneys' fees and costs in this litigation. Instead, defendants oppose the motion on the basis that the amounts sought—$29,884.68—are excessive and unreasonable.

The underlying facts of this litigation involve plaintiff Jerry Doran, paralyzed from the chest down. Doran is a well-known disability rights activist who has filed at least 73 ADA cases with his counsel in this case, Thomas Frankovich. Exh. 1. On April 4, 2002, Doran was a guest at the Best Western Corte Madera Inn, where he sought a wheelchair accessible room, and was assured by hotel staff that there was such a room. However, once inside the room, plaintiff discovered that the room was not in fact wheelchair accessible. From the outset, defendant expressed a willingness to settle the case. In its settlement agreement, defendant agreed to take remedial steps to bring the hotel into compliance with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and with Title 24 of the California Code of Regulations. Defendant also agreed to pay $7,500 in compensatory damages.

Plaintiffs now bring this motion seeking an award of attorneys' fees and costs on the basis that they are the prevailing parties in this action. *See* 42 U.S.C. § 12205 (allowing the court, in its discretion, to

award attorneys' fees to the prevailing party in an action brought under the ADA); *see also* Cal. Civ.Code §§ 52, 54.3 and 55. Plaintiffs seek fees and costs in the amount of $29,884.68, for both work on the merits of the underlying case and work related to this motion for fees. In particular, plaintiffs seek the following amounts:

A. Total Work Pre–Complaint

Attorneys' Fees

| | | |
|---|---|---|
| T. Frankovich | 3.9 hours @ $335.00 | $ 1,306.50 |
| T. Frankovich | 8.3 hours @ $375.00 | $ 3,112.50 |
| J. Steneberg | 6.5 hours @ $190.00 | $ 1,235.00 |
| R. Lahlouh | 0.4 hours @ $145.00 | $ 58.00 |
| | TOTAL: | $ 5,712.00 |

Paralegal Time

| | | |
|---|---|---|
| V. Louie | 2 hours @ $ 90.00 | $ 180.00 |
| | TOTAL: | $ 180.00 |

B. Total Work Through Settlement

| | | |
|---|---|---|
| Frankovich | 22.8 hours @ $375 | $ 8,550.00 |
| J. Steneberg | 19.1 hours @ $190 | $ 3,629.00 |
| J. Steneberg | 19.3 hours @ $225 | $ 4,342.50 |
| | TOTAL: | $16,521.50 |

Word Processing Time

| | | |
|---|---|---|
| A. McMahon | 9.5 hours @ $ 40.00 | $ 380.00 |
| S. Clement | 0.6 hours @ $ 40.00 | $ 24.00 |
| P. Maupin | 4.7 hours @ $ 40.00 | $ 188.00 |
| | TOTAL: | $ 592.00 |

Costs and Litigation Expenses

| | |
|---|---|
| Filing Fee | $ 150.00 |
| Ownership Information | $ 4.00 |
| Service ADS | $ 34.18 |
| Expert Fees | $ 3,070.00 |
| Copies | $ 198.50 (794 pages @ $0.25) |
| Color Copies | $ 85.50 (57 pages @ $1.50) |
| Faxes | $ 71.00 (71 pages @ $1.00) |
| Postage/Messenger/ Fed. Ex. | $ 36.00 |
| TOTAL: | $ 3,649.18 |

C. Fees for this Motion

Attorney's Fees:

| | | |
|---|---|---|
| T. Frankovich | 2.7 hours @ $375 | $1,012.50 |
| J. Steneberg | 9.6 hours @ $225 | $2,160.00 |

Word Processing Time:

| | | |
|---|---|---|
| P. Maupin | 0.6 hours @ $ 40 | $ 24.00 |

Costs:

| | |
|---|---|
| Copies | $ 18.50 (74 pages @ $0.25) |
| Mssngr/Fed Ex | $ 15.00 |
| TOTAL: | $3,230.00 |

**TOTAL REQUESTED:** $29,884.68

## LEGAL STANDARD

The authority to award attorneys' fees is derived in part from Section 505 of the ADA, which provides that "in any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Plaintiffs are entitled to fees under the ADA and similar state statutes using the "lodestar" measure of fees, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In evaluating what is a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir.1987).

In calculating the lodestar, the Court should consider any of the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), that are relevant. *Jordan,* 815 F.2d at 1264 n. 11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). In *Kerr,* which was decided before the lodestar approach was adopted by the Supreme Court as the starting point for de-

termining reasonable fees in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Ninth Circuit adopted the 12–factor test articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

■ To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when the attorneys faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212.

## DISCUSSION

### 1. Reasonableness of the number of hours expended

This case was uncontested from the beginning. Defendant notified plaintiffs'

counsel that it was willing to make reasonable modifications to remove alleged barriers at the premises, expressed a willingness to achieve a global settlement of the case, and proposed a stay on discovery. Opp'n to Mot. at 6: 14–16. Plaintiffs resisted defendant's suggestions and seriously engaged in settlement discussions only after spending enough time drafting letters and discovery requests to claim to have incurred fees and costs in the amount of $29,884.68.[1] This Court finds that the fees and costs requested are, in certain instances, excessive and must, therefore, be reduced.

### A. Correspondence with plaintiff

■ Defendant argues that certain billing entries are unreasonable because they are duplicative or excessive. The Court has reviewed time entries describing correspondence between plaintiff and his counsel, and finds certain among them to be unreasonable. For instance, on April 9, 2002, Mr. Frankovich spent 1.8 hours ($585.00) drafting a "5 page prosecution letter to J. Doran explaining how we will proceed with the case ..." On the same day, Mr. Frankovich spent .8 hours ($260.00) writing another letter to Mr. Doran "re litigation philosophy—injunctive relief is priority over compensatory damages." The Court finds persuasive defendant's argument that if such letters were necessary, their purpose could have been served by letters that Mr. Frankovich has used in one of the 72 other cases that he handled with Mr. Doran. *See* Opp'n to Mot. at 7: 5–8. Moreover, such letters could have been prepared by non-billing staff with no attorney time. Accordingly, the Court will award no attorney fees for either task (see below).

---

1. This is particularly troublesome since on the same day that Mr. Frankovich completed drafting the complaint, he also spent 0.8 hours drafting "10 page settlement agreement in anticipation of answer."

### B. Drafting of complaint, mediation statement and fee motion

■ Plaintiffs' Complaint is a form pleading that is identical in all substantive respects to complaints used in other ADA lawsuits, including most of the 73 or so other ADA cases Mr. Doran has brought with Mr. Frankovich. Exh. 1. The Court does not believe that it took 4.3 hours of Mr. Frankovich's attorney time to draft the complaint. The Court will award 0.5 hours for the task. The Court is similarly skeptical of Mr. Frankovich's requested fees between 2/6/03 and 6/2/03, finding the tasks to be duplicative, tasks that could easily be accomplished by paralegals and, for the most part, tasks that had already been accomplished in prior litigation and were merely copied or adapted for this case. Accordingly, the Court awards 0.5 hours for the tasks accomplished on 2/6/03, 0.3 hours for the tasks on 3/26/03, 1 hour for the tasks on 5/30/03, and 1.5 hours for the tasks on 6/2/03.

### C. Hours billed for Jennifer Steneberg

■ The Court finds that Jennifer Steneberg's time recorded for preparation of the memos and documents supporting the fee application on 6/8/04 and 6/9/04 is excessive. Considering the long-established relationship between Mr. Doran and Mr. Frankovich's office and counsel's experience in this field of law, the Court finds that many of these same tasks could have been achieved by referring to previous cases. Accordingly, the Court awards a total of 2 hours for the draft memo of points and authorities in support of fee motion (6/8/04), draft declaration of Frankovich in support of fee motion (6/8/04), and the editing of both tasks (6/9/04).

### D. Hours billed for word processing/legal assistants

■ The Court finds that the work of A. McMahon, S. Clement and P. Maupin for typing and various clerical tasks should be included in attorney billing rates as overhead to run the office, not recoverable in a motion for attorney fees. The Court does not find that plaintiffs should be awarded attorneys' fees for the work of Vernice Louie in preparing a memorandum on the Freedom of Information Act (FOIA) prior to filing this action.

### E. Other time entries

The Court finds that the costs for plaintiffs' expert are not unreasonable. It is apparent from the detailed nature of the injunctive relief sought by plaintiffs that the cost incurred by plaintiffs' expert in conducting an inspection of Corte Madera's premises and preparing a report for plaintiffs is reasonable.

### F. Fees for fee motion

■ The Ninth Circuit has held that fees and costs associated with pursuit of plaintiffs' motion for attorneys' fees are recoverable. *McGrath v. County of Nevada,* 67 F.3d 248, 253 (9th Cir.1995) (citing *Clark v. City of Los Angeles,* 803 F.2d 987, 992 (9th Cir.1986)). With the exception of plaintiffs' requested word processing time, which should be included in overhead, and the reduction of the excessive hours of Ms. Steneberg, the Court finds plaintiffs' requests reasonable. Therefore, plaintiffs' request shall be augmented by $1,867.00.

After consideration of the itemization of hours expended on this litigation, the Court has found that the number of hours expended on certain tasks to be unreasonable. These tasks are deducted from the requested fees, leaving:

A. Total Work Pre–Complaint

Attorneys' Fees

| | | |
|---|---|---|
| T. Frankovich | 0.8 hours @ $335.00 | $ 268.00 |
| T. Frankovich | 2.7 hours @ $375.00 | $ 1,012.50 |
| J. Steneberg | 6.5 hours @ $190.00 | $ 1,235.00 |

| R. Lahlouh | 0.4 hours @ $145.00 | $ 58.00 |
| | TOTAL: | $ 2,573.50 |

Paralegal Time

| V. Louie | 0 hours @ $ 90.00 | $ 0 |
| | TOTAL: | $ 0 |

B.  Total Work Through Settlement

Attorneys' Fees

| Frankovich | 15.3 hours @ $375 | $ 5,737.50 |
| J. Steneberg | 19.1 hours @ $190 | $ 3,629.00 |
| J. Steneberg | 19.3 hours @ $225 | $ 4,342.50 |
| | TOTAL: | $13,709.00 |

Word Processing Time

| A. McMahon | 0 hours @ $ 40.00 | $ 0 |
| S. Clement | 0 hours @ $ 40.00 | $ 0 |
| P. Maupin | 0 hours @ $ 40.00 | $ 0 |
| | TOTAL: | $ 0 |

Costs and Litigation Expenses

| Filing Fee | $ 150.00 |
| Ownership Information | $ 4.00 |
| Service ADS | $ 34.18 |
| Expert Fees | $ 3,070.00 |
| Copies | $ 198.50 (794 pages @ $0.25) |
| Color Copies | $ 85.50 (57 pages @ $1.50) |
| Faxes | $ 71.00 (71 pages @ $1.00) |
| Postage/Messenger/ Fed. Ex. | $ 36.00 |
| TOTAL: | $ 3,649.18 |

C.  Fees for this Motion

Attorney's Fees:

| T. Frankovich | 2.7 hours @ $375 | $ 1,012.50 |
| J. Steneberg | 3.8 hours @ $225 | $ 855.00 |

Word Processing Time:

| P. Maupin | 0 hours @ $ 40 | $0 |

Costs:

| Copies | $ 18.50 (74 pages @ $0.25) |
| Mssngr/Fed Ex | $ 15.00 |
| TOTAL: | $3,206.00 |

| TOTAL FEES: | $18,150.00 |
| TOTAL COSTS: | $ 3,682.00 |

### 2.  Adjustment of the Lodestar

The Court now proceeds to a consideration of the *Johnson–Kerr* factors to determine whether an adjustment of the lodestar is necessary. Several of the factors have already been considered in calculating the lodestar. Specifically, the Court has already considered the requisite skills for this type of legal service, the customary fee charged for this type of service, the contingent nature of the fee, the experience, reputation, and skill of Mr. Frankovich, and awards in similar cases. These factors may not be reconsidered in an adjustment of the lodestar. *Hensley,* 461 U.S. at 433–34, 103 S.Ct. 1933.

The remaining *Johnson–Kerr* factors weigh in favor of a reduction of the lodestar amount. A reduction of the lodestar is better understood when placed in the context of the circumstances surrounding this case and others brought by Mr. Frankovich. Mr. Frankovich has represented Mr. Doran in 73 similar ADA cases. Indeed, this Court has previously stated: "[i]t appears that Mr. Frankovich has succeeded in reducing disability access cases to a kind of routine, in which his clients attempt to patronize various business establishments, report deficiencies to Mr. Frankovich, and a lawsuit is then filed." Order Granting Plaintiffs' Motion For Continued Exercise of Jurisdiction; Awarding Fees, April 17, 2002. Moreover, defendants in these cases are usually prepared to quickly settle. Thus, this case can be said to involve no novel question. Further, such a simple and lucrative case would not be viewed as "undesirable" by other attorneys. Moreover, as to the nature and length of the professional relationship with the client, it is clear that Mr. Frankovich and Mr. Doran have a longstanding professional relationship, working to the material advantage of both, and thus need not be rewarded by an adjustment of the lodestar.

The final two factors are the time limitations imposed by the client and the underlying circumstances of the case, and the

amount involved and the results obtained. The first of the two factors weighs in favor of defendant. For instance, nearly a year passed between Mr. Doran's visit to Corte Madera Inn Best Western on April 4, 2002, and the filing of this action on March 19, 2003, thereby only narrowly bringing plaintiffs within the statute of limitations. This delay, left unexplained by plaintiffs, suggests that there was no great urgency to the case. The second factor, however, does not weigh so clearly in favor of defendants. Counsel for defendant contends that the modifications to the hotel would have been made even without the filing of a formal suit. On the other hand, the plaintiff did receive compensatory damages and the remedial changes were significant. On balance, this factor weighs in neither party's favor.

Thus, all but one of the *Johnson–Kerr* factors not subsumed in the lodestar weigh against plaintiffs. Accordingly, the Court finds that a reduction of the lodestar is necessary to reach at a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 561, 112 S.Ct. 2638, 2640, 120 L.Ed.2d 449 (1992). The Court reduces the lodestar by 50%, leaving plaintiffs' counsel with $9,075.00 in fees in addition to $3,682.00 in costs, totaling $12,757.00.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part plaintiffs' motion, and plaintiffs are awarded $12,757.00, which includes the lodestar amount, with certain reductions, and fees and costs incurred with this fee motion. [docket # 31]

**IT IS SO ORDERED.**